**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**HEATHER O'NEILL-REIFF**
**2248 HENDRICKS STATION ROAD**
**HARLEYSVILLE, PA 19438**

**Plaintiff,**

**v.**

**DAVID STEINER, in his official capacity as POSTMASTER GENERAL AND CHIEF EXECUTIVE OFFICER AND HEAD Of THE UNITED STATES POSTAL SERVICE**
**1300 Pennsylvania Ave. NW**
**Washington, DC 20004**
**475 L'Enfant Plaza SW,**
**Washington DC 20260**

**Defendant.**

## COMPLAINT

COMES NOW Plaintiff, Heather O'Neill-Reiff ("Plaintiff" or "O'Neill"), by and through undersigned counsel, and, pursuant to Fed. R. Civ. P. 7, and as a cause of action against Defendant, David Steiner, in his official capacity as Postmaster General and Head of the United States Postal Service ("Defendant" or "USPS") avers as follows:

## JURISDICTION

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, and codified at 42 U.S.C. §2000, as amended, including but not limited to section 703 *et. seq*. The jurisdiction of this Court is invoked by the plaintiff pursuant to 28 U.S.C. §§ 1331, 1339, and

1343(4), and 29 CFR Part 1604, including but not limited to CFR Part 1604.11 as amended September 9, 2026.

Plaintiff has sustained damage and injury in excess of one hundred thousand dollars, exclusive of fees, penalties, costs, interest and punitive damages.

Plaintiff has exhausted her administrative remedies.

## VENUE

2. Venue is proper in this district pursuant to 42 U.S.C. § 2000e–5(f)(3), and 28 U.S.C. §1346. A companion suit is being filed in the United States District Court for the Eastern District of Pennsylvania.

## THE PARTIES

3. Plaintiff O'Neill is an adult under no legal disability and is a citizen, resident, and domiciliary of the Commonwealth of Pennsylvania. Plaintiff is a white female.

4. USPS is an agency of the United States.

## STATEMENT OF FACTS APPLICABLE TO ALL CLAIMS

5. Plaintiff commenced her employment with the USPS in 2000 and has been employed continuously by USPS since that date.

6. Plaintiff's initial position with the USPS was as a rural letter carrier.

7. Plaintiff was assigned to the USPS Branch in Harleysville, Pennsylvania, (the "Branch") and has been employed by USPS at that branch continuously through this date.

8. At the time of her hiring, Plaintiff reported to and was under the supervision of branch postmaster Dennis McGuire.

9. Around 2018, USPS employee R ("Employee R") commenced work at the Branch Office.

10. Employee R was designated as Plaintiff's supervisor in 2019.

11. Employee R remained as Plaintiff's supervisor at the Branch until he was transferred on or about January 2024.

12. Employee R at all times pertinent hereto had the authority to and did direct Plaintiff's daily work activities.

13. Plaintiff reasonably believed that Employee R had the authority to direct Plaintiff's daily work activities.

14. Defendant empowered Employee R to take tangible employment actions against Plaintiff and to effect significant changes in Plaintiff's employment status, such as increasing Plaintiff's workload, and assigning undesirable tasks, failing to promote, reassignment with significantly different responsibilities, and decisions causing a significant change in benefits, such as overtime, work hours, and days off.

15. Plaintiff reasonably believed that Employee R had the authority to take tangible employment actions against Plaintiff and to effect significant changes in Plaintiff's employment status.

16. Commencing in September 2020, and continuing up to the time of his transfer, with respect to Plaintiff, Employee R engaged in unwelcome sexual advances, requests for sexual favors, verbal conduct of a sexual nature, physical conduct of a sexual nature, and sexual harassment here submission to such conduct was made a term or condition of Plaintiff's employment and submission to or rejection of such conduct was used by Employee R as the basis for employment decisions affecting plaintiff and such conduct had the purpose and effect of unreasonably interfering with Plaintiff's work performance and creating an intimidating hostile and offensive work environment. As Plaintiff described in part the misconduct by Employee R:

> This has been an ongoing issue for the past several years. (Employee R) has [repeatedly] harassed me and retaliated against me. He has [repeatedly] told me to make this EEOC go away. If not there will be dire consequences. He said the same things when I filed an EEOC in 2021. His harassment has not stopped since

> I filed my complaint online. Mr. McGowan has made threats to kill my family members because they are in the way of what he wants. He has made threats to bash in heads of coworkers. He has a metal baseball bat in his office. He has controlled where I park my personal car and will retaliate if I park somewhere else or will retaliate against any coworker who parks next to me.
>
> In June 2021 I met with postal inspector and let him know what I have had to deal with. He never followed through with what he said he was going to do. I had spoken to previous postmaster Tom McMenamin about these issues and Mc. McMenamin has witnessed Mr. McGowan[í]s [inappropriate] and [threatening] behaviors towards me. I have tried to file [grievances] with my union only to be told, îmanagement is allowed to mismanage.ï

Employee R's conduct included the following: the making in person, in private, and in front of others descriptions of particular sex acts he anticipates or expects or desires to perform with me, false claims about the existence of a sexual relationship, physical contact, expressions of his expectation of an intimate and permanent relationship, verbal attacks on my marriage and my family, and hostility toward male coworkers with whom I have friendships or cordial relationships including on one occasion proposing a fight with a coworker over "who gets possession of me," interception of my personal mail, threats of physical harm, spraying me with cologne in order to create problems with my spouse, and threats of and implementation of adverse employment actions (the "Conduct").

17. The Conduct was uniquely directed at Plaintiff by Employee R.

18. Defendant, its agents, and supervisory employees knew and should have known of the Conduct, and failed to take immediate or corrective or remedial action.

19. Plaintiff notified Defendant of the Conduct as follows: communications with postal inspectors, communications with multiple Branch postmasters, communications with the Lansdale Branch supervisor, communication with union representatives, and the USPS Employee Assistance Program.

20. On September 21, 2021, Plaintiff filed an EEOC complaint (the "2021 Complaint").

21. Under threat from Employee R, Plaintiff withdrew the 2021 Complaint.

22. On June 24, 2022, Plaintiff filed a second EEOC complaint (the "2022 Complaint").

23. Other employees at the Branch notified Defendant of other misconduct by Employee R, but the sexual harassment was directed solely at Plaintiff.

24. Defendant failed to take timely preventative actions. Defendant failed to: affirmatively raise the subject; express strong disapproval; develop appropriate sanctions; develop methods to sensitive all Branch employees to the matter; and failed to take actions consistent with the EEOC's Enforcement Guidance and Compliance Manual.

25. Defendant negligently failed to prevent the harassment from taking place or from continuing. Defendant's failure, taking into account the degree and authority given by defendant to Employee R, included the failure to monitor the workplace, the failure to respond to complaints, and the discouragement of filing complaints.

26. On September 25, 2022, the Defendant delivered to Plaintiff a notice of right to file an individual complaint of discrimination.

27. On October 1, 2022, Plaintiff travelled to the Skippack Pennsylvania Branch to avoid detection by Employee R and timely placed in the mail at that Branch an EEO Complaint of Discrimination in the Postal Service. That complaint alleged harassment and a hostile work environment by Employee R.

28. On or about December 22, 2025, Plaintiff delivered a Supplement to Complaint of Discrimination in the Postal Service.

29. On or about January 7, 2026, the USPS noted the formal filing of a complaint of discrimination.

30. On February 6, 2026, Defendant delivered to Plaintiff a dismissal of Plaintiff's formal EEO complaint solely on the basis of timeliness. According to the decision: "you provide no proof of mailing or delivery."

31. On March 6, 2026, Plaintiff timely noted her appeal to the EEOC.

32. On or about March 19, 2026, Plaintiff, through counsel, notified Defendant that she was required to provide testimony in an otherwise undisclosed proceeding brought by Employee R against Defendant. Pursuant to that demand, Plaintiff met telephonically with counsel for Defendant and responded to all questions from counsel for Defendant, in preparation for her testimony. On March 30, 2026, at the request of Defendant, Plaintiff testified and answered questions under oath from both Defendant's counsel and from counsel for Employee R. On information and belief, in part as a result of the testimony from Plaintiff, Employee R's claims against Defendant were dismissed.

33. On June 26, 2026, the EEOC delivered to Plaintiff a Decision affirming Defendant's dismissal.

**COUNT I**
**(Discrimination, Sexual Harassment, Hostile Work Environment**
**By USPS and Supervisor)**

34. Plaintiff adopts and incorporates herein by reference as is specifically set forth herein the allegations of paragraphs three through 29 of the Complaint.

35. Employee R was Plaintiff's supervisor. Employee R remained as Plaintiff's supervisor at the Branch until he was transferred on or about January 2024.

36. Employee R at all times pertinent hereto had the authority to and did direct Plaintiff's daily work activities. Plaintiff reasonably believed that Employee R had the authority to direct Plaintiff's daily work activities.

37. Defendant empowered Employee R to take tangible employment actions against Plaintiff. Plaintiff reasonably believed that Employee R had the authority to take tangible employment actions against Plaintiff.

38. Commencing in September 2020, and continuing thereafter, with respect to Plaintiff, Employee R engaged in the Conduct.

39. The Conduct was uniquely directed at Plaintiff by Employee R.

40. Defendant knew of the Conduct and of other forms of misconduct directed at other employees at the Branch.

41. Defendant, its agents, and supervisory employees knew and should have known of the Conduct, and failed to take immediate or corrective or remedial action.

42. Plaintiff repeatedly notified defendant of the Conduct.

43. On September 21, 2021, Plaintiff filed an EEOC complaint (the "2021 Complaint").

44. Under threat from Employee R, Plaintiff withdrew the 2021 Complaint.

45. On June 24, 2022, Plaintiff filed a second EEOC complaint (the "2022 Complaint").

46. Other employees at the Branch notified Defendant of other misconduct by Employee R, but the sexual harassment was directed solely at Plaintiff.

47. Defendant failed to take timely preventative actions. Defendant failed to: affirmatively raise the subject; express strong disapproval; develop appropriate sanctions; develop methods to sensitive all Branch employees to the matter; and failed to take actions consistent with the EEOC's Enforcement Guidance and Compliance Manual. Defendant negligently failed to prevent the harassment from taking place or from continuing. Defendant's failure, taking into account the degree and authority given by defendant to Employee R, included the failure to

monitor the workplace, the failure to respond to complaints, and the discouragement of filing complaints.

48. As a direct and foreseeable consequence of the Conduct, and the failure of defendant to take appropriate action, Plaintiff sustained damage and injury, including emotional distress, pain and suffering, anguish, fear and humiliation.

**COUNT II**
**(Negligence and Failure to Prevent Conduct)**

49. Plaintiff adopts and incorporates herein by reference as is specifically set forth herein the allegations of paragraphs three through 44 of the Complaint.

50. Employee R at all times pertinent hereto had the authority to and did direct Plaintiff's daily work activities. Plaintiff reasonably believed that Employee R had the authority to direct Plaintiff's daily work activities.

51. Defendant empowered Employee R to take tangible employment actions against Plaintiff. Plaintiff reasonably believed that Employee R had the authority to take tangible employment actions against Plaintiff.

52. Commencing in September 2020, and continuing thereafter, with respect to Plaintiff, Employee R engaged in the Conduct.

53. The Conduct was uniquely directed at Plaintiff by Employee R.

54. Defendant knew of the Conduct and of other forms of misconduct directed at other employees at the Branch.

55. Defendant, its agents, and supervisory employees knew and should have known of the Conduct, and failed to take immediate or corrective or remedial action.

56. Plaintiff repeatedly notified Defendant of the Conduct.

57. On September 21, 2021, Plaintiff filed an EEOC complaint (the "2021 Complaint").

58. Under threat from Employee R, Plaintiff withdrew the 2021 Complaint.

59. On June 24, 2022, Plaintiff filed a second EEOC complaint (the "2022 Complaint").

60. Other employees at the Branch notified Defendant of other misconduct by Employee R, but the sexual harassment was directed solely at Plaintiff.

61. Defendant failed to take timely preventative actions. Defendant failed to: affirmatively raise the subject; express strong disapproval; develop appropriate sanctions; develop methods to sensitive all Branch employees to the matter; and failed to take actions consistent with the EEOC's Enforcement Guidance and Compliance Manual.

62. Defendant negligently failed to prevent the harassment from taking place or from continuing. Defendant's failure, taking into account the degree and authority given by defendant to Employee R, included the failure to monitor the workplace, the failure to respond to complaints, and the discouragement of filing complaints.

63. As a direct and foreseeable consequence of the Conduct, and the failure of defendant to take appropriate action, Plaintiff sustained damage and injury, including emotional distress, pain and suffering, anguish, fear and humiliation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a. An Award of actual damages, in an amount to be proven at trial;
b. An Award compensatory damages for sex discrimination, sexual harassment and hostile work environment;
c. An Award of reasonable attorneys fees and costs;
d. An Award of pre-judgment and post-judgment interest;
e. An Award of any and all further relief which the Court deems necessary and appropriate.

Respectfully Submitted,

*/s/* Philip Musolino

Philip M. Musolino
D.C. Bar No.: 294652
Musolino & Dessel, PLLC
1615 L Street, NW, Suite 440
Washington, DC 20036
Phone: (202) 466-3883
Email: pmusolino@musolinodessel.com